UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MISSOURI PHYSICIANS MUTUAL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:06CV493 JCH |
| MISSOURI DOCTORS MUTUAL INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Missouri Doctors Mutual Insurance Company's ("MoDocs") Motion to Dismiss, filed March 27, 2006. (Doc. No. 5). MoDocs moves the Court to dismiss this suit, arguing that it is a compulsory counterclaim in a pending action in the U.S. District Court for the Western District of Missouri. For the reasons discussed below, the Court denies the Motion to Dismiss.

**BACKGROUND**

Plaintiff Missouri Physicians Mutual ("MPM") and Defendant MoDocs are direct competitors in the field of medical malpractice insurance. (Petition, Doc. No. 1 ¶ 4). On July 11, 2005, MoDocs filed a suit against MPM in the U.S. District Court for the Western District of Missouri (the "Western suit"). That suit arises out of MPM's purchase and subsequent use of the domain names www.modocs.com and www.modocs.info.[1] The Western case includes four counts: unfair

---

[1] MoDocs has pending United States Trademark applications for the MO-DOCS mark. (Western Complaint, Doc. No. 5, attached exh. A ¶ 8).

competition under the Lanham Act, trademark infringement under the Lanham Act,[2] service mark infringement and unfair competition, and tortious interference with business expectancy. (Western Complaint, Doc. No. 5, attached exh. A). The first three counts relate to MPM's purchase and use of the two domain names. The fourth relates to MPM's involvement in the online auction at which MPM bought the domain names.[3]

On February 21, 2006, MPM filed suit against MoDocs in the Circuit Court for the County of St. Louis. (Notice of Removal, Doc. No. 1). Defendant removed to this Court on March 21, 2006, on the basis of federal question jurisdiction. (Id.). This suit (the "Eastern suit") arises out of allegedly false statements about MPM that were disseminated on MoDocs' website, in writing, and orally to potential customers.[4] (Petition, Doc. No. 1 ¶¶ 6-18). The Eastern suit contains two counts. The first is for injurious falsehood. (Id. ¶¶ 19-21). The second count is for false or deceptive advertising under the Lanham Act. (Id. ¶¶ 22-27). Both counts reference only the publication of the statements.

Defendant MoDocs brought its Motion to Dismiss on March 27, 2006. MoDocs argues that the claims in the Eastern suit must be dismissed because they are compulsory counterclaims to the Western suit. The matter is now briefed and ready for disposition.

---

[2] This is also referred to as cybersquatting. (Western Compl., Doc. No. 5, attached exh. A).

[3] MPM and MoDocs were the only two serious bidders in the auction. (Western Complaint, Doc. No. 5, attached exh. A ¶¶ 26-30). MoDocs alleges that it had a business expectancy in purchasing the domain names. (Id. ¶¶ 53-59). It already owns and uses www.modocs.org (Id. ¶ 12).

[4] These alleged false statements include:
- MoDocs "has incident-triggered coverage and MPM does not";
- unlike MoDocs, "MPM coverage does not begin when an incident is reported"; and
- MPM's arbitration clause takes away a doctor's consent to settle.

## **DISCUSSION**

As stated above, in its motion MoDocs first asserts this action should be dismissed, because MPM failed to plead its claims as compulsory counterclaims in the Western suit. (Memorandum in Support of Motion to Dismiss, Doc. No. 6, at 1). Federal Rule of Civil Procedure 13(a) defines a counterclaim as compulsory, "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." The Court thus must determine whether MPM's injurious falsehood and false advertising claims arises out of the same transaction or occurrence as MoDoc's cybersquatting, trademark infringement, unfair competition, and tortious inference with business expectancy claims. Tullos v. Parks, 915 F.2d 1192, 1195 (8th Cir. 1990). In doing so, Eighth Circuit law instructs the Court to apply the logical relation test, bearing in mind that one transaction, "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their *logical relationship*." Tullos, 915 F.2d at 1195 (footnote and citation omitted) (emphasis in original).

Upon consideration, the Court finds there is not a logical relationship between MPM's claims, which focus on allegedly false statements by MoDocs about MPM, and MoDocs' claims, which focus on MPM's purchase and use of the www.modocs.com and www.modocs.info domain names, sufficient to render MPM's claims compulsory counterclaims in the Western suit. In reaching this conclusion, the Court specifically notes that the cases do not arise out of the same "transaction or occurrence," even in the broadest and most flexible definition of the phrase. The Western suit arises out of MPM's purchase and use of two domain names. The Eastern suit, on the other hand, arises out of statements that MoDocs allegedly made about MPM to potential customers. In support of its Motion, MoDocs argues that some of MPM's discovery in the Western suit relates to issues

in the Eastern suit.[5] Because discoverable evidence has a broader scope than admissible evidence, Fed. R. Civ. P. 26(b), the Court does not find it appropriate to comb through deposition transcripts, especially when the matter is clear from the face of the pleadings. MoDocs argues further that MPM asserts the defense of unclean hands in the Western suit, and that a "logical relationship exists when the legal arguments presented as an affirmative defense in one case forms the basis for the claims in another." (Memorandum in Support, Doc. No. 6, at 4). MPM responds that MoDocs has no evidence that MPM's defense of unclean hands will involve the cybersquatting issues presented in the Eastern suit. (See Memorandum in Opposition, Doc. No. 8, at 8).

The Court thus concludes that MPM's claim is not a compulsory counterclaim within the meaning of Federal Rule of Civil Procedure 13(a), and so MoDoc's Motion to Dismiss on this basis will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Missouri Doctor's Mutual Insurance Company's Motion to Dismiss (Doc. No. 5) is **DENIED**.

Dated this 26th day of June, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[5] In support of this, MoDocs attaches substantial materials outside of the pleadings. The Court may not consider materials outside the pleadings on a motion to dismiss, unless the motion is converted to one for summary judgment. See Fed. R. Civ. P. 12(b) (if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56").

- 4 -